OPINION
{¶ 1} Defendant-appellant, State Automobile Mutual Insurance Company ("State Auto"), appeals from the July 21, 2004 judgment of the Franklin County Court of Common Pleas, granting partial summary judgment in favor of plaintiff-appellee, Mark G. Jensen ("appellee"). For the reasons that follow, we affirm.
 {¶ 2} This case arises out of an automobile accident that occurred on October 14, 2000. That evening, an automobile driven by Jonathan H. Park ("Park"), struck appellee when he was in a crosswalk located at the northeast corner of Lane and Neil Avenues in Columbus, Ohio. As a result of the accident, appellee suffered serious injuries to his pelvis, hips, groin and right knee.
 {¶ 3} At the time of the collision, appellee was 35 years old, and employed full-time as a golf professional by the Columbus Country Club. According to appellee, he resided at an apartment on Highland Road in Columbus, Ohio, where he had lived since September 1996. Appellee indicated he also considered himself to be a resident of his parents' home at 160 Yarrow Road, Oregon, Ohio.
 {¶ 4} At the time of the collision, appellee's parents, Galen and Patricia Jensen ("Mr. and Mrs. Jensen"), had a personal automobile liability policy with State Auto. The declarations page of the State Auto policy specifically listed Mr. and Mrs. Jensen as "named insureds." At the bottom of the declarations page, Mr. and Mrs. Jensen and appellee were listed under the heading "driver." Appellee testified his parents allowed him to drive their "extra" cars to get back and forth from Columbus to Oregon. Appellee testified he never purchased his own automobile insurance policy for these vehicles.
 {¶ 5} In a sworn statement, Mr. Jensen testified that appellee lived with him and Mrs. Jensen, and also maintained a residence in Columbus, Ohio. Mr. Jensen testified he has paid a premium to include appellee on his automobile insurance policy since he was sixteen. Mr. Jensen indicated he believed that appellee would be insured under the State Auto policy if he drove any of the vehicles as long as he remained a resident of their household. Mr. Jensen testified appellee would stay at his parents' home at least once a month. During the winter months when the country club was closed, Mr. Jensen testified appellee would be home for "a month at a time or longer." (Mr. Jensen's statement at 25.)
 {¶ 6} On September 26, 2002, appellee filed a complaint in the Franklin County Court of Common Pleas against Park for medical expenses and loss of income.[1] Appellee also asserted a cause of action against State Auto, seeking uninsured and/or underinsured motorists coverage ("UIM coverage"), as his medical bills exceeded the insurance coverage available under Park's policy.
 {¶ 7} Appellee filed his motion for summary judgment on June 16, 2003. Therein, appellant argued he was entitled to UIM coverage from State Auto because he was designated as an additional driver on the declarations page, and his primary vehicle was insured under the policy. Appellee further asserted he was an insured under the policy because he was a resident of his parents' home in Oregon.
 {¶ 8} In support of his motion for summary judgment, appellee submitted his affidavit, a copy of the State Auto policy and Mr. Jensen's sworn statement. Appellee also submitted a copy of his request for admissions, to which State Auto had responded in relevant part:
REQUEST FOR ADMISSION 2
Admit that underinsured motorist coverage was not limited to an insured's use of a particular automobile when they are a pedestrian.
RESPONSE: ADMIT.
REQUEST FOR ADMISSION 3
Admit that Plaintiff Mark G. Jensen is entitled to automobile insurance coverage as a rated driver without limiting his travel to any particular geographical location within the state or outside of the state of Ohio.
RESPONSE: ADMIT.
REQUEST FOR ADMISSION 4
Admit that Plaintiff Mark G. Jensen's underinsured motorist coverage is not limited to any particular region or territory within or outside of the state of Ohio.
RESPONSE: ADMIT.
* * *
REQUEST FOR ADMISSION 6
Admit that there is no exclusion for underinsured motorist coverage if an insured is a pedestrian.
RESPONSE: ADMIT, if the injured party fits the definition of an "insured."
 {¶ 9} On July 3, 2003, State Auto filed a combined cross-motion for summary judgment and memorandum contra appellee's motion. Therein, State Auto argued appellee was not a resident of his parents' household, and was therefore not entitled to UIM coverage. In support, State Auto submitted a copy of the State Auto policy at issue, a copy of a letter to Mr. and Mrs. Galen from Carol Miller dated August 18, 2000, and a copy of appellee's answers to State Auto's interrogatories. Appellee filed a combined reply memorandum and memorandum contra State Auto's motion for summary judgment on July 9, 2003. Therein, appellee reiterated his argument that he was entitled to UIM coverage because he was listed as a named insured under the policy. In its reply memorandum, State Auto asserted that appellee's status as an additional driver does not qualify him as a named insured.
 {¶ 10} The trial court heard oral arguments in support of the parties' motions on May 25, 2004. At the conclusion of the hearing, the court found R.C. 3503.02, the statute which defines "residence" for purposes of voter registration, was applicable to the facts of this matter. The court noted Mr. Jensen's testimony that appellant would return to Oregon "at least once a month, every other weekend or every third weekend," and that during the winter months, "he would be home for a month at a time." (May 25, 2004 Tr. at 27.) The court further stated:
I guess the one thing that convinces me, is looking at the fact that he kept his bank account in Oregon. That's where his mail went for his banking records.
* * *
And I still go back to that statutory definition of residence, which can be used in more than just the voter registration context; that is the place as to which a person intends to return.
Id. at 28.
 {¶ 11} On July 21, 2004, the court issued a decision and entry granting appellee's motion for summary judgment, and denying State Auto's motion for summary judgment. In its decision, the court held appellee was an insured under State Auto's policy and entitled to UIM coverage "for the reasons set forth on the record at the conclusion of the parties' oral arguments." (July 24, 2004 Decision.)
 {¶ 12} Appellant presents a single assignment of error for our review:
THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT PLAINTIFF-APPELLEE WAS A RESIDENT OF HIS PARENTS' HOUSEHOLD UNDER THE "DUAL RESIDENCY DOCTRINE."
 {¶ 13} Appellant's assignment of error arises out of the trial court's ruling on the parties' motions for summary judgment. Pursuant to Civ.R. 56, summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 677 N.E.2d 343.
 {¶ 14} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. We stand in the shoes of the trial court and conduct an independent review of the record, without any deference to the trial court's determination.Bebout v. Tindall, Franklin App. No. 03AP-1031, 2004-Ohio-3936 at ¶ 10. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher v. Burt
(1996), 75 Ohio St.3d 280, 662 N.E.2d 264, 293.
 {¶ 15} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on the essential element(s) of the nonmoving party's claims. Dresher at 292.
The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. at 293.
 {¶ 16} Before we reach State Auto's assignment of error, we must first address an argument raised by appellee in his motion for summary judgment before the trial court, as it may be dispositive of this appeal.[2]
Appellee contends he is an insured because he is designated as an "additional driver" on the declarations page.[3] Appellee emphasizes that State Auto listed him as an additional driver on the policy and collected a premium for this coverage. However, appellee points out that the policy neither defines the term "additional driver," nor assigns any coverage limits. Thus, appellee contends State Auto's designation of appellee as an additional driver creates an ambiguity in the policy. Construing the policy in favor of the insured, appellee urges this court to determine that an "additional driver" would be entitled to UIM coverage equal to that of the named insured. In support of his argument, appellee relies upon his request for admissions in which State Auto admitted that underinsured motorists coverage flows equally to a pedestrian as well as an occupant of a motor vehicle and is not dependent upon an insured's occupancy within a covered auto.
 {¶ 17} State Auto argues, contra, that appellee is not entitled to coverage. State Auto asserts that appellee is an additional driver, which is not entitled to the same coverage as a named insured. State Auto concedes appellee would have been entitled to coverage if he was operating a covered auto at the time of the accident. However, State Auto argues appellee is not entitled to coverage because he was a pedestrian at the time of the collision. Based on the foregoing, State Auto argues appellee is excluded from coverage, and that the court improperly granted appellee's motion for summary judgment.
 {¶ 18} In order to determine whether or not appellee is entitled to UIM coverage, we must review the pertinent definitions found in the State Auto policy. The following definitions are located in the General Definitions Section:
A. Throughout this policy, "you" and "your" refer to:
1. the "named insured" shown in the Declarations; and
2. The spouse, if a resident of the same household.
* * *
F. "Family Member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.
 {¶ 19} The UIM provision reads in pertinent part:
PART C-UNINSURED MOTORISTS COVERAGE
INSURING AGREEMENT
A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of:
1. An "uninsured motor vehicle" as defined in Sections 1., 2., and 4. of the definition of an "uninsured motor vehicle" because of a "bodily injury":
a. Sustained by an "insured." and b. Caused by an accident.
2. An "uninsured motor vehicle" as defined in Section 3. of the definition of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured."
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."
* * *
B. "Insured" as used in this Endorsement means:
1. You or any "family member" 2. Any other person "occupying" "your covered auto." 3.Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.
EXCLUSIONS
A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:
1. By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. * * *.
2. By any "family member" while "occupying" or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.
 {¶ 20} The interpretation of an insurance contract involves a question of law. Leber v. Smith (1994), 70 Ohio St.3d 548, 553, 639 N.E.2d 1159. Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." Kingv. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211, 519 N.E.2d 1380;Dealers Dairy Products Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336,164 N.E.2d 745, paragraph one of the syllabus. "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King at syllabus (citations omitted); Asp v. Ohio Med. Transp., Inc. (June 28, 2001), Franklin App. No. 00AP-958, 2001 Ohio App. LEXIS 2865. When the intent of the parties to a contract is evident from the unambiguous language used therein, a court must not read a meaning into the contract not contemplated by the parties. Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,168, 436 N.E.2d 1347.
 {¶ 21} In Roelle v. Coffman (Nov. 17, 1997), Seneca App. No. 13-97-17, 1997 Ohio App. LEXIS 5289, the Seneca County Court of Appeals explored the issue of whether the defendant's father, as a named driver, qualified as a "named insured" under the policy in the absence of express language defining his coverage limits. In Roelle, a van driven by the defendant, a minor, struck a pole. The plaintiff, a passenger in the van, filed suit against the defendant, his father and stepmother seeking additional insurance coverage. The defendant's stepmother was listed as the named insured under the policy, and the plaintiff's father was designated as a named driver. The policy did not expressly provide any insurance coverage for named drivers who did not otherwise qualify as a named insured or a family member of a named insured. The trial court granted summary judgment in favor of the insurance company, finding the plaintiff was not covered under his stepmother's insurance policy.
 {¶ 22} In reversing, the Roelle court found the policy was ambiguous because a "named driver" other than a "named insured" was neither defined, nor assigned any coverage limits in the policy. The court reasoned that to construe the contract as the insurer suggested would be unreasonable, because the insurance company charged a premium for the sale of insurance protection, and the plaintiff's father paid the premium. The court stated that "although [the insurer] suggests a named driver is entitled to a more limited form of coverage than a named insured, as the drafter of the policy, [the insurer] had the opportunity to define the coverage available to named drivers listed on their policies. Its failure to do so results in an ambiguity which must be construed against the insurer." Roelle, 1997 Ohio App. LEXIS 5289 at *9.
 {¶ 23} In appellee's request for admissions in this case, State Auto acknowledged appellee is entitled to underinsured motorist coverage and general automobile insurance coverage as a rated driver. Although appellee is listed on the declarations page as an additional driver, an "additional driver" other than a named insured is neither defined, nor assigned any coverage limits in the policy. Thus, we find the policy is ambiguous, as it does not define what coverage is available to additional drivers listed on their policies. Construing the policy in favor of appellee, we find appellee, as an "additional driver," qualified as an "insured" under the State Auto policy. To find otherwise would contravene the intention of the parties, as State Auto charged a premium for insurance coverage, and Mr. Jensen paid a premium to ensure appellee was insured under the State Auto policy.
 {¶ 24} Moreover, State Auto has failed to establish, much less allege, that a listed exclusion in the UIM policy provision precludes appellee from coverage. Appellant was neither occupying nor struck by any motor vehicle he or his parents owned which was not insured for this coverage under this policy. Further, appellee was not occupying or struck by any motor vehicle he or his parents owned which was insured for coverage on a primary basis under any other policy. Instead, State Auto improperly argues that the definition of a "named insured" is inapplicable, contrary to its admission that appellee is insured under the policy. Nonetheless, State Auto admitted underinsured motorist coverage was not limited to an insured's use of a particular automobile when he is a pedestrian. Thus, we find appellant's argument is without merit, and the trial court properly granted appellee's motion for summary judgment.
 {¶ 25} Because we have determined the trial court properly granted appellee's motion for summary judgment, we overrule State Auto's assignment of error.
 {¶ 26} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] On December 11, 2003, appellee dismissed his claims against Park with prejudice.
[2] See Waterfield Financial Corp. v. Gilmer, Franklin App. No. 04AP-252, 2005-Ohio-1004, citing State v. Peagler (1996),76 Ohio St.3d 496, 499, 668 N.E.2d 489. ("`While an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof.'")
[3] In oral argument, counsel for State Auto asserted that appellee failed to preserve this issue for purposes of appeal. However, our review of the record reveals appellee argued he was an insured because he was listed as a driver on the declarations page in his motion for partial summary judgment and reply brief. Thus, appellee sufficiently preserved this issue for our review.